Filed 10/30/24  Burton v. Long Beach Unified School Dist. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RAMONA BURTON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LONG BEACH UNIFIED<br>SCHOOL DISTRICT et al.,<br><br>    Defendants and<br>Respondents. | B324426<br><br>(Los Angeles County<br>Super. Ct. No. BC694770) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anthony J. Mohr and Maurice A. Leiter, Judges. Affirmed.

Michael S. Traylor for Plaintiff and Appellant.

McCune & Harber, Dana John McCune and David M. Gillen for Defendants and Respondents.

Appellant and plaintiff Ramona Burton appeals the dismissal of her employment discrimination lawsuit against respondents Long Beach Unified School District and individual defendants. Appellant challenges the dismissal that was prompted by appellant not being ready to proceed on the day of trial. Given appellant's repeated delays and lack of unpreparedness, there was no abuse of discretion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Initial filing and default

On February 21, 2018, appellant filed a complaint against respondents alleging various employment-related claims. Respondents served their answer, though due to mistake failed to file their answer. On July 9, 2019, appellant obtained entries of default against all respondents, claiming a failure to have filed an answer to the first amended complaint.

### Discovery and sanctions

While in default, respondents sought to depose appellant. When appellant did not appear for the deposition, respondents filed a motion for evidentiary sanctions, which was heard and granted on September 26, 2019. Respondents subsequently obtained relief from the default on October 30, 2019.

### Trial setting and continuances

The case was initially set for trial on March 21, 2022, and continued to March 24, 2022, and then June 27, 2022. As the parties were attempting to settle the case, the trial date was continued several more times, ultimately to September 19, 2022.

### Trial proceedings and dismissal

When called for trial on September 19, 2022, appellant did not appear. The court continued the trial to September 21, 2022,

and issued an order to show cause (OSC) regarding the failure to prosecute. On September 21, the trial and OSC were further continued to September 22, 2022, due to a potential settlement. The court then cautioned that a finalized settlement agreement was needed; otherwise, the case would be tried or dismissed.

Appellant filed a notice of settlement. Yet on September 22, 2022, respondents indicated to the court there was no settlement because appellant had made substantial changes to the agreement. The court agreed there was no settlement due to appellant's revisions, and noting the matter had been repeatedly continued, the court ordered trial would proceed that day or the case would be dismissed.

Appellant's counsel was not present in court, so trial was delayed several hours to allow counsel to appear. The court also ordered if appellant's counsel was not present and ready to start trial, the case would be dismissed. When the matter was recalled, appellant's counsel did not appear, citing lack of proper attire. The court responded that appropriate attire was not necessary and postponed the matter until later in the day. Several hours later, appellant's counsel appeared.

The court observed the trial had been postponed for months while the parties tried to settle. It reiterated the parties had been made aware that if there was no settlement, the trial would proceed or the case would be dismissed. When asked if appellant was prepared to proceed, appellant's counsel answered he was not. The trial court then dismissed the matter without prejudice.

Appellant filed a timely appeal from the judgment of dismissal.

## DISCUSSION

### I. Standard of review

We review a trial court's dismissal for failure to prosecute for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) Under this standard, we will not disturb the trial court's decision unless it "'exceeds the bounds of reason, all of the circumstances before it being considered.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

### II. There was no abuse of discretion in dismissing the case

The record demonstrates the trial court exercised considerable patience and provided ample opportunity for the parties to reach a settlement or for appellant to be ready for trial, before ultimately dismissing the case. Importantly, the court had previously cautioned the parties they must be prepared to move forward with trial if the case does not settle.

An OSC regarding the failure to prosecute was set when appellant's counsel did not appear for the September 19, 2022 trial date. At the September 21, 2022 hearing, the court was informed of a potential settlement and the trial and the order to show cause were continued to September 22, 2022.

The parties could not agree to a settlement. Despite multiple continuances and clear admonitions, when the case was called for trial on September 22, 2022, appellant's counsel announced they were not ready to proceed, and the trial court dismissed the case.

The trial court's decision to dismiss the case after appellant's counsel was not ready to proceed, despite clear prior warnings, falls within the bounds of reason. We therefore find no abuse of discretion in the trial court's dismissal of the case.

4

Appellant contends the trial court erred in dismissing her case because she filed a notice of settlement the previous day. However, the record shows that when the case was called for trial, there was no enforceable settlement agreement. Since the case had been pending for over four years and had not settled, it was not error to expect appellant to be prepared for trial, as trial readiness is critical to conducting efficient court proceedings, preserving judicial resources, and ensuring fairness to all litigants.

Appellant raises several other issues on appeal, including challenges to the trial court's imposition of evidentiary sanctions while respondents were in default, the denial of her motions for relief under Code of Civil Procedure sections 473 and 657, and the denial of her motion for reconsideration. Given our conclusion that the dismissal was proper based on appellant's failure to proceed at trial, we need not and do not address these additional arguments.

## DISPOSITION

The judgment of dismissal is affirmed. Respondents are to recover their costs on appeal.

_____
CHAVEZ, J.

We concur:

_____    _____
LUI, P. J.               ASHMANN-GERST, J.